## POSSESSION UNDER CONTRACT OF PURCHASE.

Circuit Court of Hamilton County.

### SARAH COWEN v. JOHN R. McGORON.

Decided, November 6, 1909.

*Forcible Detainer—Evidence as to Title—Extent to which the Question of, may be Drawn into the Case—Contract of Purchase—Ejectment.*

1. In an action in forcible detainer before a justice of the peace, it is competent for the defendant to offer in evidence a contract of purchase for the purpose of showing the nature of his possession.

2. A showing of possession under a contract of purchase is a complete defense to an action in forcible detainer; and for failure to perform some of the conditions of the contract the plaintiff must have resort to a suit in ejectment.

*Wm. A. Stark*, for plaintiff in error.
*A. W. Bruck*, contra.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

The original action of forcible detainer was commenced by John R. McGoron against Sarah Cowen, who, prior to October 4th, 1905, had been his tenant; but on that date they entered into a written contract of sale of the premises, under which she paid large sums of money to the plaintiff and made some improvements upon the premises. She thereby ceased to be a tenant, and her possession thereafter was referable to the contract of purchase.

This contract was offered in evidence, not for the purpose of trying the title to the premises, but for the purpose of showing the nature of defendant's possession. To some extent the title was thereby drawn in question; but this is permissible under the cases of *Brown* v. *Burdick*, 25 O. S., 260, at 270; *Trustees of Burten Township* v. *Tuttle*, 30 O. S., 62, at 66.

If, as claimed by the plaintiff, some of the conditions of the contract had not been performed by the defendant, an action in ejectment should have been commenced in the court of common pleas, where the equities, if any, of the defendant could be determined. Her possession as purchaser was a complete defense to the action of forcible detainer, and the justice erred in rendering judgment for plaintiff instead of defendant.

The judgment of the court of common pleas affirming the judgment of the justice of the peace will be reversed and the cause remanded to that court with instructions to reverse the judgment of the justice. A like judgment will be entered in the case of *Green* v. *McGoron*, No. 4803.